**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kelly Lloyd,<br><br>          Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>          Defendant. | No. CV-17-0099-PHX-DGC<br><br>**ORDER** |

Plaintiff Kelly Lloyd seeks review under 42 U.S.C. § 405(g) of the final decision of the Commissioner of Social Security which denied her disability insurance benefits under §§ 216(i), 223(d), and 1614(a)(3)(A) of the Social Security Act. Because the decision of the Administrative Law Judge ("ALJ") is based on reversible legal error, the Court will vacate the Commissioner's decision and remand for further proceedings.

**I.    Background.**

This is the second occasion that a judge of this Court has considered a Commissioner's decision in Plaintiff's case. Plaintiff is a 41 year-old female who previously worked as a customer service representative for the Arizona Bureau of Economic Security. A.R. 196. In August 2011, Plaintiff applied for disability insurance benefits, alleging disability beginning on September 16, 2007. A.R. 13. After a hearing, the ALJ issued a decision on September 6, 2013, that Plaintiff was not disabled within the meaning of the Social Security Act. A.R. 13-23. This became the Commissioner's final

decision when the Appeals Council denied review. A.R. 1. Plaintiff subsequently sought review in this Court (A.R. 788-90), but before a decision was made, the parties filed a stipulated motion to remand the case to the Commissioner to correct several specific deficiencies (A.R. 807-08). The ALJ held another hearing in March 2016, and issued a decision six months later finding Plaintiff not disabled. A.R. 696-716. This became the Commissioner's final decision when Plaintiff did not file exceptions. Doc. 1 ¶ 4.

## II. Legal Standard.

The district court reviews only those issues raised by the party challenging the ALJ's decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The court may set aside the Commissioner's disability determination only if the determination is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is more than a scintilla, less than a preponderance, and relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* In determining whether substantial evidence supports a decision, the court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* (internal citations and quotation marks omitted). As a general rule, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

The ALJ is responsible for resolving conflicts in medical testimony, determining credibility, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). In reviewing the ALJ's reasoning, the Court is "not deprived of [its] faculties for drawing specific and legitimate inferences from the ALJ's opinion." *Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989).

## III. The ALJ's Five-Step Evaluation Process.

To determine whether a claimant is disabled for purposes of the Social Security Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears

the burden of proof on the first four steps, and the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). To establish disability, the claimant must show that (1) he is not currently working, (2) he has a severe impairment, and (3) this impairment meets or equals a listed impairment or (4) his residual functional capacity ("RFC") prevents his performance of any past relevant work. If the claimant meets his burden through step three, the Commissioner must find him disabled. If the inquiry proceeds to step four and the claimant shows that he is incapable of performing past relevant work, the Commissioner must show in the fifth step that the claimant nonetheless is capable of other work suitable for his RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4).

At step one, the ALJ found that Plaintiff meets the insured status requirements of the Social Security Act through June 30, 2011, and that she has not engaged in substantial gainful activity since September 16, 2007. A.R. 699. At step two, the ALJ found that Plaintiff has the following severe impairments: lumbar spondylosis, obesity, right sacroiliac joint arthritis, and hip bursitis. A.R. 699. Although the ALJ acknowledged that the record contains evidence of diabetes, polysubstance dependence, bipolar disorder, and anxiety disorder, she found them to be non-severe. A.R. 699-707. At step three, the ALJ determined that Plaintiff has no impairments that meet or equal a listed impairment. A.R. 707. At step four, the ALJ found that Plaintiff has the RFC to perform light work with certain restrictions. A.R. 709. The ALJ then concluded, considering Plaintiff's age, education, work experience, and RFC, that she is able to perform the requirements of occupations like housekeeper, cashier, or merchandise marker. A.R. 715.

**IV. Analysis.**

Plaintiff argues that the ALJ's decision is based on reversible legal error. Doc. 19. Specifically, Plaintiff argues that the ALJ (1) erred in finding her mental impairments non-severe at step two, (2) failed to consider her mental impairments in the RFC inquiry,

(3) relied too heavily on two medical opinions, and (4) improperly discredited an examining physician's medical opinion. *Id.*[1]

### A. Step Two Analysis.

Step two is "a de minimis screening device [used] to dispose of groundless claims," *Smolen v. Chater,* 80 F.3d 1273, 1290 (9th Cir. 1996), and an ALJ may find that a claimant lacks a medically severe impairment or combination of impairments only when his conclusion is "clearly established by medical evidence." S.S.R. 85–28 (1985). Impairments are considered "not severe" when "the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work." *Smolen,* 80 F.3d at 1290.

The ALJ found evidence in the record of Plaintiff's bipolar and anxiety disorders, but found these impairments not severe because they "do not cause more than minimal limitation in the claimant's ability to perform basic mental work activities." A.R. 700. Over the course of seven pages, the ALJ thoroughly described Plaintiff's alleged mental health symptoms, medical expert testimony, mental health treatment notes, three psychological evaluations, Global Assessment of Functioning scores, and four functional areas used to evaluate mental disorders. A.R. 700-07. The ALJ noted that medical evaluations consistently reveal normal mental health findings. *Id.* The ALJ acknowledged the existence of bipolar and anxiety disorders, but concluded that they place no more than a mild limitation on her daily activities, social functioning, and concentration, persistence, and pace. A.R. 705-06.

Plaintiff contends that the ALJ's finding of non-severity is inconsistent with evidence that her mental impairments continue to cause significant symptoms (Doc. 19 at 15-16), but the records she cites reveal nothing inconsistent with the ALJ's conclusion. Plaintiff struggles with mental impairments and has episodes of increased anxiety, but she suffers from only mild limitations. What is more, one of the reports Plaintiff cites

---

[1] To the extent Plaintiff makes other arguments, they are only conclusory assertions. *See, e.g.*, Doc. 19 at 22 ("The ALJ's rejection of the medical evidence from Plaintiff's treating providers . . . is not supported by substantial evidence.")

- 4 -

actually supports the ALJ's conclusion – Plaintiff reported losing weight, eating well, sleeping well, driving without significant issues, "feeling a lot better," and generally being able to function. A.R. 1065.

As discussed above, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas*, 278 F.3d at 954 (citations omitted). Plaintiff's isolated record citations do not establish that her interpretation is the only rational conclusion. The Court finds no legal error at step two.

### B. Residual Functional Capacity.

The ALJ concluded that Plaintiff can perform light work with the following additional limitations: "occasional climbing of ladders, ropes, and scaffolds; occasional stooping and crawling; frequent climbing of ramps and stairs; frequent balancing, crouching, and kneeling; and no concentrated exposure to hazards." A.R. 709. Plaintiff argues that the ALJ erred by failing to consider her mental impairments. Doc. 19 at 17-18.

The law is clear. In determining RFC, the ALJ must consider the combined effects of all impairments, both severe and non-severe. 42 U.S.C. § 423(d)(2)(B); *see also Carmickle v. Commissioner*, 533 F.3d 1155, 1164 (9th Cir. 2008). Here, the ALJ acknowledges that "[t]he mental [RFC] assessment . . . requires a more detailed assessment by itemizing various [work-related] functions." A.R. 707. She even claims that the RFC "reflects the degree of limitation the undersigned has found in the 'paragraph B' mental function analysis." A.R. 707. But the ALJ's subsequent RFC analysis does not address the effect of Plaintiff's mental impairments on work-related functions; the ALJ addresses only Plaintiff's physical impairments and the credibility of her symptom testimony. A.R. 709-14. This is legal error.

Even if the ALJ commits error, that error is harmless if the Court can "conclude from the record that the ALJ would have reached the same result absent the error." *Molina v. Astrue,* 674 F.3d 1104, 1115 (9th Cir. 2012); *Marsh v. Colvin*, 792 F.3d 1170,

1172 (9th Cir. 2015). Here, the ALJ failed to consider the effects of Plaintiff's mild mental impairments on her RFC. These effects might include, among other things, limitations in "responding appropriately to supervision, coworkers, and work pressures in a work setting." *See* 20 C.F.R. § 404.1545(c). Significantly, the vocational expert testified that mental impairments could preclude some or all work. A.R. 1337-38. The Court accordingly cannot find that the ALJ would have reached the same result. The error is not harmless.

### C. Over-Reliance on Medical Sources.

The ALJ interpreted and accorded significant weight to the medical opinions of Edward Jasinski, Ph.D., and Robert Mastikian, Psy.D. A.R. 700, 702-03. They each opined that Plaintiff's mental impairments are mild. A.R. 700, 702-03. Plaintiff identifies mistakes in their interpretation of the record and contends that the ALJ's reliance on their opinions was erroneous. Doc. 19 at 18-21. Defendant counters that an ALJ errs only by improperly rejecting medical evidence, not by interpreting medical evidence. Doc. 20 at 11.[2]

Plaintiff contends that Dr. Mastikian's credibility finding is unreliable because he based it on wrongful conclusions that she failed to disclose her substance-abuse history and never sought out-patient mental health treatment. Doc. 19 at 19-20. Plaintiff also argues that Dr. Mastikian misidentified the records he reviewed. Doc. 19 at 18. But Plaintiff does not describe how these isolated mistakes render Dr. Mastikian's entire opinion useless. And the ALJ's lengthy description of Dr. Mastikian's opinion does not even mention his credibility finding. A.R. 702.

Plaintiff similarly argues that Dr. Jasinski's opinion relies on an inconsistent evaluation of self-reported symptoms – an argument Plaintiff presented to the ALJ through Dr. Geary's rebuttal. Doc. 19 at 20. But the ALJ thoroughly considered that

---

[2] Defendant also contends that Plaintiff has waived any factual objection to the content of Dr. Mastikian's report because she did not do so at the hearing. Doc. 20 at 11. But Plaintiff does not object to its admission into the record, only to the weight given it by the ALJ. Because the ALJ had not made her decision before the hearing, Plaintiff could not make this objection at the hearing.

- 6 -

rebuttal and found Dr. Jasinski's opinion more probative for several specific reasons. A.R. 704-05. Plaintiff also contends that Dr. Jasinski ignored contrary evidence when he opined that Plaintiff has episodes of general anxiety, but consistently recovers. Doc. 19 at 21. Plaintiff cites to the record, but does not explain how the evidence is inconsistent with Dr. Jasinski's opinion. Granted, Plaintiff complained of ongoing mental health issues, but mere citations to isolated evidence do not displace Dr. Jasinski's opinion.

As discussed, the ALJ's conclusion must be upheld where a rational interpretation of the evidence supports the ALJ's decision. *Thomas*, 278 F.3d at 954. Plaintiff does not argue that the ALJ's decision is devoid of substantial evidence,[3] yet she appears to ask the Court to second-guess the ALJ's rational conclusions. The Court declines to do so.

What is more, Plaintiff does not cite any controlling precedent to support her position. Plaintiff's reliance on *Ladue v. Chater*, No. C-95-0754 EFL, 1996 WL 83880, at *5 (N.D. Cal. Feb. 16, 1996), is unavailing. In that case, the court found error in the ALJ's reliance on an examining physician's opinion where that physician had access to only one treatment note from the claimant's entire medical record. *Id.* Because the ALJ failed to provide "necessary background information" to the physician, the resulting opinion was not reliable. *Id.* The ALJ's reliance on it was therefore legal error. *Id.* But Plaintiff has not alleged a deprivation of that magnitude.[4] Rather, Plaintiff simply argues that the physicians made mistakes in their review of the medical record. They may have made mistakes, but Plaintiff has not demonstrated that the ALJ's reliance on their opinions was likewise mistaken. For this reason, the Court finds no legal error.

**D.  Discrediting Examining Physician Opinion.**

The ALJ interpreted and gave great weight to the testimony of Dr. Jasinski, whose examination revealed that Plaintiff's mental impairments impose only mild limitations. A.R. 700, 702-03. The ALJ considered and rejected a rebuttal opinion from Dr. Geary.

---

[3] *See supra* note 1.

[4] Plaintiff concedes that Dr. Mastikian considered, at the least, his clinical interview, a mini-mental status examination, a June 2014 treatment note, and a SSA function report. Doc. 19 at 18.

A.R. 704-05. Plaintiff contends that the ALJ improperly discredited this rebuttal medical opinion. Doc. 19 at 21-22. Defendant counters that Plaintiff has misinterpreted the ALJ's reasoning. Doc. 20 at 14-15.

In determining how much deference to give a physician's medical opinion, the Ninth Circuit distinguishes between the opinions of treating physicians, examining physicians, and non-examining physicians. *See Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Generally, an ALJ should give the greatest weight to a treating physician's opinion and more weight to the opinion of an examining physician than a non-examining physician. *See Andrews*, 53 F.3d at 1040-41; *see also* 20 C.F.R. § 404.1527(c)(2)-(6) (listing factors to be considered when evaluating opinion evidence, including length of examining or treating relationship, frequency of examination, consistency with the record, and support from objective evidence).

When an examining physician's opinion is contradicted by another doctor, it can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-31 (citation omitted). To satisfy this requirement, the ALJ must set out "a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Cotton v. Bowen*, 799 F.2d 1403, 1408 (9th Cir. 1986). "The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988).

The ALJ met this rigorous standard. She discredited Dr. Geary's rebuttal opinion for specific reasons, each of which is legitimate: Dr. Geary erroneously classified Plaintiff's past work, relied on Plaintiff's inconsistent reports of her education level, and did not have the benefit of more recent medical evidence. A.R. 704-05.

Plaintiff focuses on a single sentence at the end of the ALJ's reasoning to suggest legal error. The ALJ stated: "Dr. Geary challenged the medical expert's impartiality, yet the undersigned notes that Dr. Geary was paid by the claimant's attorney for his report and his response to the medical expert's testimony." A.R. 705. The Ninth Circuit has

held that "*in the absence of other evidence to undermine the credibility of a medical report*, the purpose for which the report was obtained does not provide a legitimate basis for rejecting it." *Reddick v. Chater*, 157 F.3d 715, 726 (9th Cir. 1998) (emphasis added). Here, however, there was not an absence of other legitimate grounds for rejecting Dr. Geary's rebuttal opinion. The ALJ provided three other reasons, and Plaintiff does not challenge them. The Court therefore finds no error.

**E. Remand.**

The decision to remand for further development of the record or for an award benefits is within the discretion of the Court. 42 U.S.C. § 405(g); *see Harman v. Apfel*, 211 F.3d 1172, 1173 (9th Cir. 2000). Under Ninth Circuit precedent, however, an action should be remanded for an immediate award of benefits when the following factors are satisfied: (1) the record has been fully developed and further administrative proceedings would serve no useful purpose, (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, and (3) the ALJ would be required to find the claimant disabled if the improperly discredited evidence were credited as true. *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014).

In this case, the record has been fully developed. It includes evidence gathered for two ALJ decisions. And the ALJ failed to give legally sufficient reasons for not incorporating Plaintiff's mental impairments in her RFC assessment. But the record does not satisfy the third requirement. Even assuming that Plaintiff's mental impairments have an adverse effect on her RFC, the ALJ would not be required to find Plaintiff disabled. The vocational expert testified that *moderate* limitations in persistence, concentration, and pace would preclude all work (A.R. 1337-38), but *occasional* problems may allow Plaintiff to work (A.R. 1341). The ALJ found only *mild* functional limitations. A.R. 705-06. Because the expert did not conclude that any level of mental impairment requires a finding of disability, this case will not be remanded for an award of benefits.

**IT IS ORDERED** that the final decision of the Commissioner of Social Security is **vacated** and this case is **remanded** for further proceedings consistent with this opinion. The Clerk shall enter judgment accordingly and **terminate** this case.

Dated this 27th day of October, 2017.

_____
David G. Campbell
United States District Judge