**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kelly Lloyd,<br><br>            Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>            Defendant. | No. CV-17-00099-PHX-DGC<br><br>**ORDER** |

      Defendant Commissioner moves for reconsideration of this Court's order vacating and remanding the Commissioner's decision. Doc. 24. A motion for reconsideration will be denied "absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to [the Court's] attention earlier with reasonable diligence." LRCiv 7.2(g)(1); *see Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003).

      Defendant objects to the Court's finding of legal error in the residual functional capacity ("RFC") assessment by the Administrative Law Judge ("ALJ"). Doc. 24 at 2-7. Defendant mistakenly assumes that the Court held that Plaintiff Kelly Lloyd's mild mental impairments must be reflected in the RFC. Doc. 24. The Court did not reach this conclusion. Relying on statutory and Ninth Circuit law, the Court noted that "the ALJ must *consider* the combined effects of all impairments, *both severe and non-severe*." Doc. 22 at 5 (emphasis added). Yet the ALJ's RFC analysis did not address Plaintiff's

mild mental impairments; it "addresse[d] only Plaintiff's physical impairments and the credibility of her symptom testimony." Doc. 22 at 5. Because the ALJ's opinion did not consider the mild mental impairments in its RFC analysis, the ALJ committed legal error. *Id.* The ALJ can correct this error by discussing Plaintiff's mild mental impairments in the process of arriving at the RFC assessment.

Defendant's harmless error argument is not persuasive. Defendant argues that Plaintiff could perform unskilled work with mild mental impairments. Doc. 24 at 7. But "the vocational expert testified that mental impairments might preclude some or all work." Doc. 22 at 6. The Court cannot "conclude from the record that the ALJ would have reached the same result absent the error." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). The motion will be denied.

**IT IS ORDERED** that the motion for reconsideration (Doc. 24) is **denied**.

Dated this 21st day of November, 2017.

_____
David G. Campbell
United States District Judge